UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CR283 HEA |
| | ) |
| CASSANDRA WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Williams's Motion to Suppress Evidence, [Doc. # 13]. The Court referred this matter to United States Magistrate Judge Thomas C. Mummert III for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On June 17, 2005, an evidentiary hearing was held. Judge Mummert filed his Memorandum and Report and Recommendation that defendant's motion be denied on June 22, 2005. Defendant has filed written objections to this Report and Recommendation. The Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which defendant objects.

Defendant argues that the Court should not adopt the Report and Recommendation because it is contrary to the facts of the case and relevant case

law. Defendant further argues that the investigator with the office of Labor Management Standards acted in the capacity of a law enforcement official by questioning defendant regarding her alleged involvement in possible criminal activity. Defendant admits that she was not under arrest at the various times of questioning. Based on these arguments, defendant seeks to suppress information obtained from the interviews with Margaret Sheridan, the investigator with the Labor Management Standards office.

The facts of this case belie defendant's arguments. Admittedly, defendant was not under arrest during the questioning; defendant was free to come and go during the investigation. The record establishes that defendant was not forced in any way to meet with Ms. Sheridan and that defendant had changed appointments on several occasions. Furthermore, it is undisputed Ms. Sheridan is not a law enforcement officer with the power to arrest, nor does she carry a weapon in connection with her position. Ms Sheridan did not make any promises to defendant in exchange for the information defendant provided. No evidence was seized from defendant during the course of the interviews.

Based on the facts and the applicable law, the Court agrees that the evidence should not be suppressed; this evidence was not obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Two discrete inquiries are essential to the Court's

determination of whether *Miranda* warnings were required:

> first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. Once the scene is set and the players' lines and actions are reconstructed, the court must apply an objective test to resolve "the ultimate inquiry": "[was] there a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) *(per curiam)* (quoting *Mathiason,* 429 U.S., at 495, 97 S.Ct., at 714).

*Thompson v. Keohane,* 516 U.S. 99, 116 S.Ct. 465 (1995) (footnote omitted). Defendant was neither in custody at the time she gave statements to Ms. Sheridan, nor could she reasonably believe that she was not free to leave the interviews as she pleased. Defendant had cancelled meetings with Ms. Sheridan and had rescheduled on various occasions. During the interviews, defendant was not coerced nor was she forced to remain; Ms. Sheridan had no power to keep defendant "in custody" and defendant was free to leave the interviews if she so chose. The circumstances surrounding these interview clearly establish that defendant was not in custody. In light of these circumstances, no reasonable person could believe that defendant was not at liberty to leave. As such, no *Miranda* warnings were required to be given. Defendant's objections are overruled and the Court will adopt Judge Mummert's Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Suppress Evidence, [Doc. # 13] is denied.

Dated this 12th day of July, 2005.

_____
   HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE